UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
FRANKFORT DIVISION

IN RE

SABRINA D. KEOKUK                                                          CASE NO. 17-30370

DEBTOR

MEMORANDUM OPINION
AND ORDER

The Debtor seeks confirmation of her Amended Chapter 13 Plan.  [ECF No. 72.]  21st Mortgage Corporation, a secured creditor, argues that the Amended Plan does not comply with 11 U.S.C. § 1325(a)(5).  [ECF No. 74.]  The Objection is sustained, and confirmation of the Amended Plan is denied for the reasons stated herein.

**I.      Facts.**

The Debtor filed for chapter 13 relief and scheduled real property at 1392 Baxter Ridge Road, Lawrenceburg, Kentucky ("Real Estate"), and a 2007 Giles mobile home located thereon ("Mobile Home").  [ECF No. 18.]  21st Mortgage filed Proof of Claim No. 7 for $87,531.45 based on a note that is secured by liens on the Real Estate and the Mobile Home.  The liens are not disputed, and the Mobile Home is treated as personal property under Kentucky law.

The Debtor initially proposed a plan that valued 21st Mortgage's secured claim at $20,000.00, payable in equal monthly installments at 5.25% interest.  [ECF No. 19.]  21st Mortgage objected to the proposed cram down value [ECF No. 30] and a hearing was scheduled to determine the amount of the secured claim pursuant to § 506(a).  [ECF Nos. 55 and 59.]  The parties agreed before the hearing, and it was therefore ordered, that "the value of the [Mobile

1

Home] is $36,000.00 and the value of the [Real Estate] is $22,500.00 for a total value of $58,500.00." [ECF No. 67 ("Agreed Order").]

The Debtor filed an Amended Chapter 13 Plan, which is the common course of action when the cram down value changes. [ECF No. 72.] But instead of merely adjusting the initial secured value to the agreed secured value, the Debtor now proposes to: (i) retain the Real Estate in exchange for equal monthly payments based on the agreed value of the Real Estate; and (ii) surrender the Mobile Home. [*Id.*] The relevant plan provisions provide:

## II. SECURED CLAIMS.

### A. Secured Claims To Be Paid Through the Plan and Motion to Value Collateral.

...

2. **Secured Claims Valued Under § 506.** The Debtor moves the Court to value collateral as follows according to 11 U.S.C. § 506(a). Each of the following secured claims, if allowed, shall be paid through the plan until the secured value or the amount of the claim, whichever is less, has been paid in full. Any remaining portion of the allowed claim shall be treated as a general unsecured claim. Any claim with a secured value of $0 shall be treated as a general unsecured claim.

| Secured Creditor | Collateral Description | Estimated Amount of Claim | Secured Value | Interest Rate* | Monthly Payment |
|---|---|---|---|---|---|
| 21st Mortgage Corporation | 1392 Baxter Ridge Rd. Lawrenceburg, KY 40342 2 acre lot | $87,531.00 | $22,500.00 | 5.25% | $471.61 |

* If blank, the interest rate shall be the WSJ Prime Rate on the date of confirmation plus 2 percentage points. An allowed secured tax claim shall be paid with interest at the applicable statutory rate in effect on the date on which the plan is confirmed, notwithstanding any contrary provision in the plan.

...

C. **Surrender of Property.** The Debtor surrenders the following property. Upon confirmation the automatic stay and co-debtor stay are terminated as to the collateral being surrendered, and the provisions in Section II.D. of the plan ("Orders Granting Relief From Stay") apply.

| Secured Creditor | Collateral Description |
|---|---|
| 21st Mortgage Corporation | 2007 Giles mobile home |

Part II.A.2 of the form plan addresses cram down pursuant to § 1325(a)(5)(B) and Part II.C deals with surrender under § 1325(a)(5)(C). 21st Mortgage again objects, arguing that § 1325(a)(5) does not allow treatment of its allowed secured claim under both § 1325(a)(5)(B) and (C). [ECF No. 74.] The Debtor asserts bifurcation of 21st Mortgage's claim is the result of the § 506(a) valuation set by the Agreed Order and the proposed Amended Plan "fully complies with 11 U.S.C. § 1325(a)(5)(B) and/or (C)." [ECF No. 78 at 4.]

2

Hearings were held on September 20, 2018, and October 4, 2018, and the matter is submitted for a decision.

## II. Discussion.

### A. A Confirmed Plan Must Satisfy § 1325(a)(5).

#### 1. Section 1325(a)(5) Authorizes Three Options for Treatment of an Allowed Secured Claim.

A court shall confirm a plan if,

with respect to each allowed secured claim provided for by the plan-

>   (A) the holder of such claim has accepted the plan;
>
>   (B)(i) the plan provides that the holder of such claim retain the lien securing such claim; and
>
>   (ii) the value, as of the effective date of the plan, of property to be distributed under the plan because of such claim is not less than the allowed amount of such claim; and
>
>   (iii) if –
>
>> (I) property to be distributed pursuant to this subsection is in the form of periodic payments, such payments shall be in equal monthly amounts; and
>>
>> (II) the holder of the claim is secured by personal property, the amount of such payments shall not be less than an amount sufficient to provide to the holder of such claim adequate protection during the period of the plan; or
>
>   (C) the debtor surrenders the property securing such claim to such holder[.]

11 U.S.C. § 1325(a)(5). The statute recognizes that a creditor and debtor may agree on a proposed treatment. If there is no agreement, a debtor has two choices: (1) "cram down" the claim to its secured value under § 1325(a)(5)(B); or (2) surrender the collateral under § 1325(a)(5)(C). *See Associates Commercial Corp. v. Rash*, 520 U.S. 953, 957 (1997).

Under the cram down option, a debtor may keep the collateral over a creditor's objection if the creditor retains its lien and receives value at least equal to the amount of its secured claim. 11 U.S.C. § 1325(a)(5)(B)(i) and (ii). Equal payments are required if the value is in the form of periodic payments based on the present value of the secured claim. 11 U.S.C. § 1325(a)(5)(B)(iii); *Rash*, 520 U.S. at 957.

Surrender of collateral under § 1325(a)(5)(C) is not defined in the Bankruptcy Code but is generally understood as a "relinquishment of any rights in the collateral." *See* 8 COLLIER ON BANKRUPTCY ¶ 1325.06[4] (Alan N. Resnick & Henry J. Sommer eds., 16th ed. 2018). *See also In re White*, 487 F.3d 199 (4th Cir. 2007) (citing the treatise and recognizing cases that use the definition). The surrendering debtor will generally make the collateral available for repossession, thereby carving the collateral out of the estate. The chapter 13 form plan in this district facilitates recovery by terminating the automatic stay as to the property surrendered. *See infra* at Section I. The creditor has no obligation to act on the offer of surrender, provided there is no interference with a debtor's discharge.[1]

    **2.**    **The Amount of the Allowed Secured Claim Is Determined According to § 506(a).**

Section 1325(a)(5) indicates in the introduction that it applies to "each allowed secured claim" treated by the plan. The amount of an allowed secured claim is determined according to the requirements in § 506(a). *See Rash*, 520 U.S. at 957. Section 506(a) artificially bifurcates a claim into a secured and unsecured portion to further the goal of fair distribution in the bankruptcy process. *Id.* Section 506(a) provides:

---

[1] There is case law that might force a secured creditor to make a choice to foreclose or abandon collateral if no action interferes with a debtor's discharge. That issue is not addressed in this Opinion.

4

> An allowed claim of a creditor secured by a lien on property in which the estate has an interest, or that is subject to setoff under section 553 of this title, is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property, or to the extent of the amount subject to setoff, as the case may be, and is an unsecured claim to the extent that the value of such creditor's interest or the amount so subject to setoff is less than the amount of such allowed claim.

11 U.S.C. § 506(a).

The statute dictates that the value "shall be determined in light of the purpose of the valuation and of the proposed disposition or use of such property." 11 U.S.C. § 506(a). "The 'proposed disposition or use' of the collateral is of paramount importance to the valuation question." *Rash*, 520 U.S. at 962. Where a debtor intends to retain the collateral for continued use in a cram down scenario, such as what the Debtor initially proposed, then replacement value is the appropriate standard. *Id.*

Eight years after *Rash* was decided, Congress amended § 506. In doing so, it confirmed aspects of the Supreme Court's opinion in *Rash* and added further guidance regarding valuation of personal property. 5 COLLIER ON BANKRUPTCY ¶ 506.03[6][a] (Alan N. Resnick & Henry J. Sommer eds., 16th ed. 2018). Subparagraph (2) to § 506(a) was added to address valuation of certain personal property:

> If the debtor is an individual in a case under chapter 7 or 13, such value with respect to personal property securing an allowed claim shall be determined based on the replacement value of such property as of the date of the filing of the petition without deduction for costs of sale or marketing. With respect to property acquired for personal, family, or household purposes, replacement value shall mean the price a retail merchant would charge for property of that kind considering the age and condition of the property at the time value is determined.

11 U.S.C. § 506(a)(2).

Courts have interpreted § 506(a)(2) as codifying the *Rash* rule that replacement value governs determination of value for purposes of cramdown of personal property under

5

§ 1325(a)(5)(B). CHAPTER 13 PRACTICE & PROCEDURE § 5:6 (2018). The guidance in *Rash* is still applicable to valuation of other property, including real property. *Id.*

### B. The Amended Plan Does Not Pay 21st Mortgage the Value of its Allowed Secured Claim as Required by § 1325(a)(5)(B).

The Debtor's first proposed plan chose the cram down option under § 1325(a)(5)(B). After 21st Mortgage objected, the parties reached an agreement that 21st Mortgage had a total allowed secured claim of $58,500.00. This agreement accomplishes the goal of § 506(a) by bifurcating the total claim into a secured claim and an unsecured claim.[2] Amending the plan to pay the allowed secured claim at the agreed interest rate in equal payments would have ended the matter.

But the Debtor now proposes to bifurcate the secured claim into two secured claims, one secured by the Real Estate and the other by the Mobile Home. The first secured claim based on the Real Estate valued at $22,500.00 is treated under the cram down option in § 1325(a)(5)(B). The second secured claim based on the Mobile Home valued at $36,000.00 is surrendered pursuant to § 1325(a)(5)(C).

It is questionable whether a debtor may split a secured claim based on the plain language of § 1325(a)(5). Section 1325(a) requires action for "each allowed secured claim" and the reference to "such claim" in subsections (A), (B), and (C) clearly refers to that phrase. This suggests a debtor must treat each allowed secured claim under one of the three options in § 1325(a)(5).

A definitive answer is not required because the current plan is not confirmable as written. The Debtor's proposed surrender of the Mobile Home is not the equivalent of a distribution of

---

[2] The balance of the claim, $29,031.45 ($87,531.45 - $58,500.00), is an unsecured claim.

6

$36,000.00, so there is no basis on which to reduce the allowed secured claim. *See* Part II.A.1. Therefore, "the value, as of the effective date of the plan," on which the cram down payments are based in § 1325(a)(5)(B)(ii) is still the total agreed secured claim, $58,500.00. Part II.A.2 of the proposed Amended Plan only proposes to pay an allowed secured claim equal to $22,500.00.

If 21st Mortgage repossesses and liquidates the Mobile Home, then the allowed secured claim is reduced. *See* 11 U.S.C. § 1329(a)(3) (the debtor may alter payments "to take account of any payment of such claim other than under the plan"). Until then, providing value based on the total amount of the allowed secured claim is required for compliance with § 1325(a)(5)(B). Therefore, the Amended Plan is not confirmable.

### C. Treating Surrender of the Mobile Home as a Distribution under § 1325(a)(5)(B)(ii) Is Not a Viable Alternative.

The Debtor offers an alternative reading of the Amended Plan that would treat the surrender in Part II.C as a distribution of property under § 1325(a)(5)(B)(ii). The Debtor wants to distribute the Mobile Home in partial satisfaction of the value requirement in § 1325(a)(5)(B)(ii). This proposal differs from a proposal to surrender the collateral because the distribution of property under § 1325(a)(5)(B)(ii) contemplates a transfer of title and reduction of the debt regardless of whether the creditor liquidates the collateral. This would allow the Debtor to offset the agreed value of the Mobile Home, $36,000.00, against the allowed secured claim, $58,500.00, making the proposed value of the periodic payments for the Real Estate, $22,500.00, sufficient because that is the remaining value of the allowed secured claim.

The Debtor's offer to read the Amended Plan in a different manner is rejected. The first and most obvious reason is the need to have a plan that sets out exactly what is intended. This will avoid conflict if interpretation is required during the five-year term. Also, it is not fair to

hold 21st Mortgage to the valuations in the Agreed Order after such a drastic change in plan terms. Further, it is not clear the Debtor's proposal would satisfy all parts of § 1325(a)(5)(B).

The Debtor must amend her plan before these matters are addressed in more detail.

**III.     Conclusion.**

Therefore, based on the foregoing, it is ORDERED:

(1) 21st Mortgage's Supplemental Objection [ECF No. 74] is SUSTAINED and confirmation of the Debtor's Amended Plan [ECF No. 72] is DENIED;

(2) This case shall come before the Court for a status hearing **at 9:00 a.m. on December 11, 2018, in the U.S. Bankruptcy Court, Community Trust Building, Second Floor Courtroom, 100 E. Vine Street, Lexington, Kentucky.**

8

---

**The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.**



**Signed By:**
*Gregory R. Schaaf*
**Bankruptcy Judge**
**Dated: Tuesday, November 20, 2018**
(grs)